IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RUBEN J. KRISTZAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| RONALD MEYERS, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and, ) | |
| ) | |
| RONALD MEYERS, ) | |
| ) | |
| Crossclaiming Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1173-CV-W-HFS |
| ) | |
| MIKE LEAVITT, Secretary, ) | |
| United States Department of Health ) | |
| and Human Services, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Ronald Meyers has filed a motion to remand this case to Missouri state court. For the reasons discussed below, the motion to remand will be denied.

Background

A brief summary of the procedural history may be useful. Ronald Meyers was a plaintiff and personal representative of the estate of Jack Meyers in a wrongful death suit filed in Missouri state court in 1999. On June 4, 2003, the state court entered a judgment approving a settlement of $300,000.00. Then, on September 17, 2003, attorney Ruben J. Kristzal[1] filed a petition for

---

[1] Kristzal was Meyers' attorney in the wrongful death suit.

interpleader in state court naming as defendants Ronald Meyers and CMS (Centers for Medicare and Medicaid Services) with an address in Baltimore, Maryland. The interpleader action did not name the Secretary of Health and Human Services (HHS) as a defendant. No return of service was ever filed concerning CMS. No summons was ever issued to Secretary of HHS Mike Leavitt or any of his predecessors.

On October 20, 2005, Meyers filed an amended answer adding a crossclaim against Secretary Leavitt in the interpleader action. The crossclaim centers on whether Medicare can recover its conditional payments from the proceeds of the wrongful death settlement. The state court records do not reflect that a summons was ever issued to Secretary Leavitt or his predecessors. The United States Attorney received Meyers' amended answer and counterclaim by regular mail on October 21, 2005. No summons was attached, and defendant Leavitt asserts that he was never properly served. Defendant Leavitt removed the case to this court on November 21, 2005,[2] based on 28 U.S.C. § 1442(a)(1), which permits removal of actions naming a federal officer or agency as a defendant. Meyers filed a motion to remand the case on January 19, 2006.

Legal Standards

An action initially filed in state court may be removed to federal court if the federal court would have had "original jurisdiction" over the action. 28 U.S.C. § 1441(a). The federal officer removal statute, 28 U.S.C. § 1442(a)(1), confers federal court jurisdiction upon removal for any lawsuit against a federal officer, agency or government entity. In order for a notice of removal to be timely, it must be filed "within thirty days after the receipt by the defendant, through service or

---

[2]Plaintiff Meyers mistakenly states that defendant's notice of removal was filed on November 23, 2005.

2

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

Analysis

In his motion, plaintiff Meyers first argues that this action should be remanded to state court because defendant Leavitt did not file a timely notice of removal. At the outset, the court notes plaintiff's motion to remand on those grounds appears to be time barred and could be denied on that basis alone. Pursuant to 28 U.S.C. § 1447(c), a motion to remand a case "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." As noted, defendant removed the case to this court on November 21, 2005, but plaintiff did not file his motion to remand until January 19, 2006, nearly two months later. Thus, plaintiff waived his right to seek remand due to the alleged procedural defect of untimely removal.

Even if the motion to remand had been timely filed, there is no support for plaintiff's argument that defendant's removal was untimely. Plaintiff's attorney contends that two letters sent to him by representatives of Centers for Medicare and Medicaid Services on December 5, 2003 and May 19, 2004 somehow started the clock for removal. That is illogical, as Meyers' counterclaim against Secretary Leavitt – the action that was removed – was not even <u>filed</u> until October 20, 2005.

Defendant Leavitt argues that the time for removal never began to run because he was never properly served. The United States Attorney received a copy of the operative pleading by regular mail on October 21, 2005, and state court records confirm that no summons was ever issued to or received by defendant Leavitt. <u>Murphy Bros., Inc. v. Michetti Pipes Stringing, Inc.</u>, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart

3

from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). In any event, even if the court assumed that the October 21, 2005 mailing constituted service, defendant Leavitt's removal on November 21, 2005 was still timely. The thirtieth day after October 21, 2005 was November 20, 2005, a Sunday. Under Federal Rule of Civil Procedure 6(a), any deadline falling on a weekend day is extended to the next business day, here, Monday, November 21, 2005. Therefore, the removal was timely.

In the second half of plaintiff's motion to remand, he argues that even if the removal was timely, certain federal Medicare statutes do not preempt Missouri law and therefore "there is no federal question under the Medicare statute." Motion at 7. Although unclear, plaintiff seems to be asserting that the case should be remanded based on lack of subject matter jurisdiction.[3] This argument is without merit, because the court has jurisdiction over this case by virtue of its removal by a federal officer defendant under 28 U.S.C. § 1442(a)(1). "Section 1442 'itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction.'" Johnson v. Showers, 747 F.2d 1228, 1229 (8th Cir. 1984) (citation omitted). Under such circumstances, the applicability and preemptive effect of federal Medicare statutes do not play into the jurisdictional analysis. Thus, the case is properly before this court.

Accordingly, it is hereby

---

[3] To the extent that plaintiff is instead attempting to argue the ultimate merits of his crossclaim, such an argument has no bearing on a remand decision. Upon a motion to remand, the court is strictly concerned with whether the removal was proper and jurisdiction exists.

4

ORDERED that plaintiff's motion to remand (ECF doc. 5) is DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June 26, 2006

Kansas City, Missouri